## WILKINS-RICKS COMPANY v. J. A. McPHAIL.

(Filed 6 October, 1915.)

**1. Transferance of Cause—Omissions in Transcript—Record Evidence—Affidavit—Orders.**

　　Where a new county is created and causes of action are transferred thereto, and it appears that one of them was in claim and delivery, whereunder the defendant's property was seized and replevied, but the papers had not been transferred with the other papers, the judge may, without

WILKINS *v.* McPHAIL.

affidavit of the plaintiff, make an order directing an amended or supplemental transcript to be sent, including the claim and delivery papers, when it appeared from the record that they were missing.

## 2. Judgment—Estoppel.

A judgment in an action by a landlord against his tenant and another to recover rent for the land, is not an estoppel in another action between the defendants, involving only the question of an account and settlement between them, exclusive of the question of rent.

## 3. Transferance of Cause—Papers Omitted—Evidence—Identification.

Where an order has been made by the court that an omission of claim and delivery papers in transferring a cause from another county be supplied, and thereafter a party to the cause introduces the papers upon the trial, evidence of the genuineness of the signature of the clerk of the Superior Court to whom the order was directed, indorsed thereon, and also that of the process officer who served the papers, is sufficient for identification.

## 4. Trials—Evidence—Books—Admissions.

Upon giving direct testimony of the indebtedness of the defendant, the amount being in controversy, it is competent for the plaintiff to introduce the ledger in corroboration and further testify that the defendant had seen the statement thereon and admitted it to be correct.

## 5. Evidence—Pleadings—Declaration in Interest—Collateral Matters.

In this action involving the amount in dispute by the parties, it is held that the introduction by the plaintiff of his amended complaint was not erroneous as a declaration by him in his own favor, as the court did not permit it as evidence of the amount due, and it did not prejudicially affect the question submitted.

APPEAL by defendant from *Daniels, J.,* at the January Special Term, 1914, of LEE.

Action to recover personal property which the plaintiff alleges it is entitled to possession of by reason of certain liens and chattel mortgages executed by the defendant. The defendant relies upon the plea of payment, and of an estoppel, arising out of the judgment in an action in which one Jeanson was plaintiff and the present plaintiffs and defendant were defendants.

The action was commenced in Moore County in 1905, and was transferred to Lee County in 1908. Papers in claim and delivery were issued in the action, and the property was seized thereunder and the defendant executed a bond as provided by statute and retained the property. When the action was transferred to Lee County the papers in the claim and delivery proceeding were not sent with the others papers, and were not a part of the transcript, and at July Term, 1913, of Lee Superior Court an order was made directing an amended or supplemental transcript to be sent, which was done, and which included the claim and delivery papers. The defendant excepted to this order upon the ground that it was not based upon an affidavit. The defendant, upon the trial, ten-

dered an issue involving the plea of estoppel, which was refused, and the defendant excepted. The defendant also excepted to the introduction of the claim and delivery papers upon the ground that they had not been properly indentified.

The plaintiff introduced the ledger containing the account against the defendant and the defendant excepted. The defendant introduced the original complaint, in which it was alleged that advances had been made to the defendant amounting to $74.61, and the plaintiff was permitted to introduce the amended complaint, in which it was alleged that the balance due the plaintiff was $74.61, and the defendant excepted. There was a verdict and judgment for the plaintiff, and the defendant appealed.

*Williams & Williams and A. A. F. Seawell for plaintiff.*
*Hoyle & Hoyle for defendants.*

ALLEN, J. It was not necessary that an affidavit should be filed as the basis of the order of July Term, 1913, as it appears from the order itself that an inspection of the record showed the absence of the papers in the action, and this gave the court the authority to supply them. The issue involving the plea of estoppel was properly refused. The estoppel is pleaded, but there was no evidence to support it.

Jeanson, the plaintiff in the former action, was the landlord, and the only question involved was her right to recover $60 rent, and the state of the accounts between the plaintiff and the defendant, which is the matter in controversy in this action, was not considered or determined. The evidence is ample to identify the claim and delivery papers, and to show that they were regularly issued in the action.

Mr. Campbell testified that he knew the handwriting of Mr. McDonald, who was the clerk of the Superior Court of Moore County; that the seal attached to the papers was the seal of the clerk of the Superior Court of Moore; that he knew the handwriting of the defendant J. A. McPhail and of A. F. McPhail, the surety on his replevy bond, and that the signatures on the bond were in the handwriting of these two persons; that the signature of McDonald, the clerk, on the back of the claim and delivery papers ordering a seizure of property was in his handwriting, and that he was clerk at the time the order purports to have been signed; that he also knew the signature of C. G. Petty, the officer who executed the order of seizure, and that the signature on the papers was in his handwriting.

There seems to be really no controversy as to the issuing of the claim and delivery papers regularly in the action, because the defendant testified: "I got a replevy bond for the wagons and other stuff for which the claim and delivery was served."

The ledger containing the account against the defendant, when considered in connection with the evidence of the plaintiff, was competent. The plaintiff testified that the defendant saw this account in the ledger and admitted it to be all right. The introduction of the amended complaint might be objectionable as a declaration of the plaintiff in his own interest, but it appears from the record that his Honor did not permit it to be introduced as evidence of the amount due.

It appears, also, from the evidence that the defendant admitted that he owed the plaintiff $14.31, and that the real dispute was whether he should be charged with $60 recovered against the plaintiff by the landlord of the defendant, this amount being for rent, and being recovered of the plaintiffs because they had received certain proceeds of the crops raised by the defendant.

Upon a consideration of the whole record we find

No error.